IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02198-WJM-BNB

LLOYD S. RIDDLE, III,

Plaintiff,

v.

JULIUS SGHIATTI, and
CUFFSOX, LLC, a Pennsylvania limited liability company,

Defendants.

_____

**ORDER**
_____

This matter arises on **Defendant Julius Sghiatti's Motion for Reasonable Costs Pursuant to Fed. R. Civ. P. 37** [Doc. # 69, filed 6/13/2011] (the "Motion for Fees"), which is DENIED.

By an Order [Doc. # 66] entered June 3, 2011, I denied as moot defendant Sghiatti's motion to compel discovery, finding that all of the requested discovery had been made. I allowed Sghiatti to file a motion for attorney fees and costs incurred in bringing the motion to compel, however, because Sghiatti served his written discovery on February 10, 2011; allowed the plaintiff until April 4, 2011, to respond; had not received a response as of April 28, 2011, when he filed the motion to compel; but received the requested discovery on May 26, 2011, after the motion to compel was filed.

Rule 37(a)(5)(A), Fed. R. Civ. P., provides:

> If the motion [to compel] is granted--<u>or if the disclosure or requested discovery is provided after the motion was filed</u>--the court must, after giving an opportunity to be heard, require the

>> party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

(Emphasis added.)

Motions for attorney fees in this district are controlled by D.C.COLO.LCivR 54.3, which requires:

> **A. Motion Supported by Affidavit.** Unless otherwise ordered by the court, a motion for attorney fees shall be supported by one or more affidavits.
>
> **B. Content of Motion.** A motion shall include the following for each person for whom fees are claimed:
>
>> 1. a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and
>>
>> 2. a summary of relevant qualifications and experience.

The Motion for Fees does not satisfy the local rule. Time is claimed for two people--Ronnie Fischer and "MB" who, apparently, is Maria Bennett. Although contemporaneous time records are attached to the Motion for Fees, the motion does not direct me to the particular days for which time is claimed. Nonetheless, I have reviewed the time records to identify that time apparently expended in connection with the motion to compel.

The Motion for Fees includes the affidavit of Mr. Fischer. The Fischer affidavit specifies that Mr. Fischer was admitted to practice law in Colorado in 2003; he is a member of the bar of this court; and he bills at the hourly rate of $250. None of the time specified in the contemporaneous billing records which I have identified as attributable to the motion to compel was incurred by Mr. Fischer, however.

Although I have identified time incurred by Ms. Bennett in preparing the motion to

compel, the Fischer affidavit fails to specify her qualifications or experience.

The Motion for Fees fails to satisfy the requirements of D.C.COLO.LCivR 54.3. For that reason,

IT IS ORDERED that the Motion for Fees [Doc. # 69] is DENIED.

Dated August 9, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge